UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

Case No. 2:24-cr-20522
Hon. Jonathan J.C. Grey

GERALD JOSEPH DUGGAN,

      Defendant.
_____/

## UNITED STATES' SENTENCING MEMORANDUM

Gerald Duggan has repeatedly been caught possessing and accessing child pornography. Because he has continued to violate the law despite court supervision and for the reasons stated in this memorandum, the United States requests that the Court sentence Duggan to 120 months' imprisonment and five years of supervised release.

### I.    Background

Duggan was first convicted of Distribution of Child Pornography and Possession of Child Pornography on June 7, 2011, for downloading and distributing child pornography through the internet. Investigators also found a storage locker with a toddler-sized doll, several pairs of toddler sized panties, along with a binder containing child pornography. Judge George Caram Steeh

1

sentenced Duggan to 132 months' imprisonment followed by a ten-year term of supervised release. He was released from prison on August 17, 2020.

During a polygraph examination on October 30, 2023, Duggan admitted to viewing CSAM on his smart television and fantasizing about children he saw outside a nearby swim school. On April 9, 2024, Duggan was caught lying during a polygraph examination, trying to claim that he had not viewed CSAM since his examination about six months prior. Duggan eventually admitted that he had continued to view CSAM multiple times, again limiting his admission to his smart television. In May 2024, Duggan's probation officer then searched his residence and located multiple SD cards, telephones, and a laptop that Duggan was not allowed to possess. The probation officer also found children's underwear and socks in his residence. In total, Duggan possessed over 18,000 images and 1,000 videos of child pornography. The material included graphic depictions of toddlers and prepubescent children being abused as well as depictions of bestiality.

## II.     Guidelines Calculation

The PSR finds and the government agrees that the guideline range is 87 to 108 months. The government also agrees that, given the mandatory minimum sentence on this case, the guideline term is 120 months. While the guidelines are advisory, the Court must begin its sentencing analysis by calculating the correct range. *See United States v. Booker*, 543 U.S. 220, 245 (2005).

### III. Sentencing Factors

Congress has provided various factors for courts to consider when imposing a sentence in 18 U.S.C. § 3553(a). The most relevant factors for this defendant are addressed below.

a. <u>Nature and Circumstances of the Offense, 18 U.S.C. § 3553(a)(1)</u>

The nature and circumstances of Duggan's offense are serious. Child pornography, including the images and videos downloaded and possessed by Duggan, captures the sexual exploitation, abuse, and humiliation of the most vulnerable members of our society. The children depicted in these images and videos suffer not only from the terrible abuse that was committed against them, but from the perpetual redistribution of the recordings of their abuse on the internet, as they are shared and used again and again by individuals who obtain sexual gratification from them. The widespread distribution of child pornography online serves both to normalize child pornography amongst its consumers and to encourage the creation of new child pornography to satisfy the demand for novelty.

Moreover, at the time of the offense, Duggan was on supervised release for the same class of offenses—his actions were both criminal and violations of a court order. Duggan purchased the contraband devices, hid them from his probation officer, lied about them, and then used them to access and download child pornography. Finally, Duggan possessed material that was extreme, even by the

3

standards of child pornography; Duggan possessed depictions of the sexual abuse of toddlers along with bestiality. Duggan also possessed children's underwear and socks in his home similarly to his previous offense.

History and Characteristics of the Defendant, 18 U.S.C. § 3553(a)(1)

Duggan has demonstrated that he is unwilling to stop accessing and downloading child pornography. Even after being caught while on supervised release and only suffering increased supervision, he continued to possess and access child pornography. Duggan's repeated, similar offenses despite court supervision aggravate the seriousness of the instant offense.

b. Deterrence and Protecting the Public, 18 U.S.C. § 3553(a)(2)(A)-(C)

Duggan has not been deterred by his previous incarceration or by the threat of a ten-year sentence. The lengthy term of incarceration is necessary to deter Duggan from any future violations. Generalized deterrence is also important here to dissuade others from continuing to victimize children through the downloading of videos and images showing their sexual abuse.

c. The Need to Provide Restitution to any Victims of the Offense, 18 U.S.C. § 3553(a)(7)

The government continues to receive restitution requests from representatives of series victims. There are over 600 series victims identified in this case and the government has received restitution requests from a small fraction.

The government respectfully requests that this Court set a hearing approximately 60 days from Duggan's sentencing date to allow additional victims or their representatives to request restitution.

### IV.   Conclusion

For the reasons stated in this memorandum, the government recommends a guideline sentence of 120 months.

Respectfully submitted,

JEROME F. GORGON Jr.
United States Attorney

*s/Micah S. Wallace*
Micah S. Wallace
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9591
Micah.Wallace@usdoj.gov

Dated: October 27, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2025, the foregoing document was electronically filed with the Clerk of the Court of the Eastern District of Michigan using the ECF system.

*s/Micah S. Wallace*
Micah S. Wallace
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9591
Micah.Wallace@usdoj.gov
